LEGGETT et al. v. ALEXANDRIA COCA–COLA BOTTLING CO., Inc.

No. 2186.

Court of Appeal of Louisiana. First Circuit.

Jan. 14, 1941.

Julius T. Long, of Shreveport, for plaintiffs-appellants.

Pujo, Hardin & Porter, of Lake Charles, for defendant-appellant.

LeBLANC, Judge.

This is a suit for damages for an injury to an eye which was sustained by the plaintiff, Mrs. Thelma Leggett, on June 30, 1938, when a bottle filled with Coca-Cola, which was being handled by one of defendant's agents or employees in the store of Joseph Mowad & Sons in the town of Oakdale, Louisiana, exploded and particles of broken glass struck her in and about her left eye.

The demand of Mrs. Leggett is for the sum of $3,000, and her husband, Bizzee Leggett, has joined her as a party plaintiff, presenting his demand also in the sum of $134 for the charges made by the doctor who treated his wife and for which, he alleges, he is responsible as the same is a debt of the community existing between them.

The district judge found for the plaintiffs and awarded Mrs. Leggett the sum of $500 and Mr. Leggett, $136. The award to Mr. Leggett it is to be observed is a bit in excess of the amount he had prayed for.

In the lower court the issue of liability was controverted but in brief before this court counsel for defendant concedes that

on the record that was presented the trial court was justified in rendering judgment for the plaintiffs and they have therefore limited the defense to the question of the amount of the award in each instance. Whilst they urge that the award in both instances is excessive, counsel for plaintiffs, on the other hand, in whose behalf an appeal had also been taken, asks that the amount allowed Mrs. Leggett be increased to the sum of $1,000 and that the judgment also be amended by awarding Mr. Leggett interest on the amount of his claim.

The evidence discloses that Mrs. Leggett was standing some five or six feet from the box in which the bottle of Coca-Cola was being placed when it exploded. The particles of glass which struck her did not lodge in the eye itself, but according to her own doctor's testimony, the cuts were around the region of the eye and on the eyelids. Mrs. Leggett herself describes the particles of broken glass as being "just shivers of glass" a little larger than a pinhead and not as thick as the point of a lead pencil. As found by the district judge the eyesight was not impaired and there was no disfigurement of her face. That Mrs. Leggett did not seem to have much apprehension or fear following the accident would appear from the fact that she remained in the store some ten minutes or more afterwards in order to complete her shopping and made no serious complaint about her injury. When she returned to her home she evidently did not believe that it was of any grave importance as she did not go to see a doctor until her husband sent her after he observed that her eye was blood-shot.

The doctor who treated her is a physician engaged in the general practice of medicine and he never found it necessary to refer her to an eye specialist. In administering to her he says that he removed all the glass he could locate in her eyelids and in her face. He put a dressing on the eye and kept it covered for practically three months all the time using medicine in the eye and on the wounds until they all healed. On cross-examination he says that it was three or four pieces of glass that he removed from the eyelids and two or three from her face, close to the eye. There was no glass in the eye itself. When recalled to the witness stand in the afternoon of the day of the trial, the doctor produced a bill or statement which he says is a transcript from the charge book kept by his secretary, which calls for sixty-eight visits at $2 per visit covering the months of July, August and September, 1938, and one visit during February of the year following. Frankly, we are unable to understand why an injury of the nature such as Mrs. Leggett sustained should have required so prolonged and such regular treatment and attention and we are inclined to believe that the charges are somewhat excessive.

Mrs. Leggett claims that the accident caused her eyesight to become affected and that she is now obliged to wear glasses to avoid having headaches when she does such work as sewing. The glasses which she wears, she says, were prescribed by another doctor who is referred to as an optician and whom she consulted after having been treated for the removal of the particles of broken glass by the first doctor who saw her. There was no claim presented, however, for the services rendered by this latter doctor and he did not testify in the case. Her eyes were subsequently examined by two eye specialists from Lake Charles, neither of whom could find anything wrong with them and both stated positively that the glasses she was wearing were of no help to her at all.

In the case of Weddle v. Phelan, 177 So. 407, 409, this court made an award of $1,000 to a young man twenty-two years of age who was engaged as a professional baseball player for an eye injury which had produced a definite loss of vision of from ten to fifteen per cent. and left him with a disfigurement which, it was found, would undoubtedly cause him some embarrassment. Mrs. Leggett's injury appears to us to be rather slight and inconsiderable, in comparison. We are firmly of the opinion that the award made to her is excessive and it will accordingly be reduced by the sum of $200. The award made to her husband for the doctor's bill incurred for her treatment will likewise be reduced to the sum of $75. It is, for the reasons herein stated, now ordered that the judgment appealed from be amended by reducing the amount awarded in favor of Mrs. Thelma Leggett from the sum of $500 to the sum of $300, and likewise by reducing the amount awarded to her husband, Bizzee Leggett, from the sum of $136, to the sum of $75, both amounts bearing legal interest from the date of judicial demand until paid, and that as thus amended, it be affirmed. Defendant-appellee to pay all costs.